## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH CAVANESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No.: |
| | ) |
| DAVID OGLESBY and CENTRAL TRANSPORT, LLC | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Kenneth Cavaness, through his counsel, Darr Law Offices, Ltd., and for his cause of action against defendants, David Oglesby and J and L Contracting, LLC, states as follows:

## COUNT I

### (David Oglesby – Negligent Operation of Motor Vehicle)

1. Plaintiff, Kenneth Cavaness (hereinafter "Cavaness""), is a resident and citizen of the City of St. Clair, County of Franklin, and State of Missouri.

2. Defendant, David Oglesby (hereinafter "Oglesby"), is a resident and citizen of City of Nashville, County of Davidson, and State of Tennessee.  At all times mentioned herein, Oglesby was working within the course and scope of his employment with Central Transport, LLC. Upon information and belief, Central Transport, LLC is a citizen of Indiana.

3. This court has jurisdiction over this matter in accordance with 28 USC 1332 because all parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs.

4. The wrongful acts discussed herein occurred in Washington County, Illinois and therefore the District Court for the Southern District of Illinois is an appropriate venue in accordance with 28 USC 1391(a)(2).

5. On Tuesday, February 16, 2021, at approximately 2:26 p.m., plaintiff, Cavaness, was driving a 2021 Peterbilt tractor and trailer eastbound on I-64 near the 53 mile marker in Hoyleton Township, County of Washington, State of Illinois.

6. At the aforesaid time and place the defendant, Oglesby, was driving a 2021 Peterbilt tractor with trailer eastbound on I-64 near the 53 mile marker in Hoyleton Township, County of Washington, State of Illinois.I-55.  Defendant was traveling to the rear of plaintiff's vehicle.

7. Defendant was operating a commercial motor vehicle subject to the rules and statutes of the State of Illinois and those regulations promulgated by the United States Department of Transportation, Federal Motor Carrier Safety Administration. These federal safety regulations found at 49 CFR 301-399 are commonly known as Federal Motor Carrier Safety Regulations (or "FMCSR") and are directly applicable here.

8. At the aforesaid time and place, the weather conditions were adverse and resulted in limited visibility on the highway.

9. On the date, at the time and place stated previously, Oglesby drove his tractor into the rear of Cavaness' trailer that was lawfully on the Interstate.

10. At all times mentioned herein, defendant, Central Transport, LLC, was also subject to federal motor carrier safety regulations at the time of the crash, and prior thereto, pursuant to 49 CFR 390.3(e).

11. That at all times mentioned herein, Oglesby owed a duty to others using the public roadways of the State of Illinois, to operate his commercial motor vehicle with reasonable care and caution. In accordance with the applicable federal motor regulations discussed below the defendant had a duty to utilize extreme caution at the time of the events described herein.

12. That the defendant, Oglesby, breached his duty to use the requisite care and caution and was then and there guilty of one or more of the following negligent acts or omissions:

- a) failed to exercise extreme caution when circumstances adversely affected his visibility, in violation of 49 CFR 392.14; and/or
- a) failed to keep proper lookout for other vehicles; and/or
- b) followed the plaintiff's vehicle more closely than was prudent, in violation of 625 ILCS 5/11-710; and/or
- c) drove inattentively; and/or
- d) failed to apply brakes to his vehicle in a timely manner so as to avoid colliding into plaintiff's vehicle; and/or
- e) negligently and recklessly operated a commercial vehicle in willful or wanton disregard for the safety of persons, including plaintiff; and/or
- f) failed to reduce speed to avoid accident in violation of 625 ILCS 5/11-601(a); and/or
- g) other acts of negligence to be proven at trial.

13. That one or more of the foregoing negligent acts or omissions on the part of Oglesby was a direct and proximate cause of plaintiff's injuries hereafter alleged.

14. That as a direct and proximate result of one or more of the negligent acts or omissions of the defendant, Oglesby, plaintiff, Cavaness, sustained injuries both temporary and permanent; that plaintiff has incurred and will continue to incur medical,

doctor and hospital bills in an effort to be treated for his injuries; and that plaintiff has been prevented from attending his usual duties and affairs as he had been able to do prior to this.

WHEREFORE, plaintiff, Kenneth Cavaness, prays this court enter judgment in her favor and against the defendant, David Oglesby, in an amount greater than Seventy-Five Thousand Dollars ($75,000.00); plus costs of suit.

## COUNT II

### (Central Transport, LLC, LLC-Vicarious Liability)

1.-14.   Plaintiff, Kenneth Cavaness, alleges paragraph one (1) through thirteen (13) of Count I as paragraph one (1) through thirteen (13) of Count II as if fully set forth herein.

15.   That Central Transport, LLC, is vicariously liable for the acts/omissions of David Oglesby as previously alleged.

WHEREFORE, plaintiff, Kenneth Cavaness, prays this court enter judgment in his favor and against the defendant, Central Transport, LLC, in an amount greater than Seventy-Five Thousand Dollars ($75,000.00); plus costs of suit.

By:   /s/Lanny Darr
Lanny Darr     (#06205283)
Darr Law Offices, Ltd.
307 Henry Street, Suite 406
Alton, IL  62002
Phone:  (618) 208-6828
Fax:  (618) 433-8519
darr@darrfirm.com

Service by facsimile transmission or via email will be accepted at the stated facsimile and/or email stated above.